UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH RODERICK BROADNAX, <u>et al.</u>**,<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA, <u>et al.</u>**,<br><br>Defendants. | Case No. 16-cv-00664 (CRC) |

## ORDER

Plaintiffs in this declaratory-judgment action, proceeding *pro se*, filed their Complaint against the Recorder of Deeds in the District of Columbia's Office of Tax and Revenue on April 8, 2016. They then filed an Amended Complaint on April 22. On May 3, the District's Office of the Attorney General ("OAG"), representing both the Recorder, Ida Williams, and the District of Columbia as an interested party, filed a motion to dismiss. The four-page motion was cursory and indifferently formatted, to put it charitably. The next day, the Clerk's office informed OAG that the PDF file of its motion to dismiss contained errors—specifically, that it contained an "[i]ncorrect header/caption/case number"—and directed it to refile. See Not. Error, May 4, 2016. On May 11, Plaintiffs filed their opposition to the motion to dismiss. See ECF No. 6.

On May 17, 2016, OAG refiled the original motion to dismiss and fixed the error that the Clerk's office had identified on May 4. See ECF No. 8. The Clerk's office identified additional technical deficiencies, however, including the use of an invalid attorney signature and the incorrect ECF "event" code, and again directed OAG to refile. See Not. Error, May 17, 2016. Later that same day, OAG substituted different counsel for Ms. Williams and the District. The new counsel then filed a much more comprehensive, 20-page motion to dismiss, which included

a new argument not raised in the initial motion to dismiss (i.e., *res judicata*) and a substantially fleshed-out discussion on arguments similar to those raised in the initial motion.

Plaintiffs move to strike this new motion to dismiss, ECF No. 10, on the ground that it constitutes an "[i]mproper [s]urreply," Pl.'s Mot. Strike 1. Defendants oppose the motion, arguing that the Clerk directed them to refile their motion to dismiss, that they were simply complying with that directive from the Court, and that Plaintiffs have not been prejudiced. While Plaintiffs incorrectly describe Defendants' new motion as a "surreply," the motion was nonetheless improperly filed and the Court will exercise its discretion under Federal Rule of Civil Procedure 12(f) to strike it.

Accepting OAG's new motion would permit an end run around the Federal Rules. After being served with Plaintiffs' Complaint, Defendants had the choice to either answer the Complaint or move to dismiss. They chose the latter and had the opportunity to advance in that motion any argument they wished for why the Court should dismiss this action. For reasons unknown to the Court, Defendants chose to file a four-page motion that cursorily treated several issues, see ECF No. 5, and Plaintiffs responded to that filing, see ECF No. 6.

Had Defendants not made a clerical mistake with the header or caption in their original motion to dismiss, there is no question that that motion would be the only motion pending and that Defendants would have had one week from when Plaintiffs filed their opposition to file a reply. Defendants are correct that the Clerk's office directed them to "refile" their motion to dismiss, but only because it contained a technical error. The purpose of directing such refiling is obviously to correct that error, not to permit substitution of a brand-new, vastly expanded motion for the original one. So, as much as the Court would like the benefit of OAG's enhanced

argument and analysis, it would not be appropriate to receive it via the refiled motion. Accordingly, it is hereby

**ORDERED** that [11] Plaintiffs' Motion to Strike be **GRANTED**.  It is further

**ORDERED** that [10] Defendants' Motion to Dismiss be **STRICKEN**.  It is further

**ORDERED** that Defendants are directed, no later than June 10, 2016, to refile [5] their original Motion to Dismiss, correcting only the errors the Clerk's office identified in its May 4 and May 17 Notices of Error.  It is further

**ORDERED** that Defendants file any reply in support of [5] their motion to dismiss no later than June 15, 2016.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   June 8, 2016