**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEITH RODERICK BROADNAX, <u>et al.</u>**, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA, <u>et al.</u>**, <br><br> Defendants. | Case No. 16-cv-00664 (CRC) |

**<u>ORDER</u>**

In a virtually incomprehensible complaint, three *pro se* Plaintiffs—Keith Roderick Broadnax, Rodney Ryan Graves, and David Alexander Martin—seek to have the District of Columbia's recorder of deeds "register" certain of their "Instruments." Am. Compl. 2. More specifically, they request that their birth certificates be "received[] for registration" so that they may be "treat[ed] . . . as having attained the age of majority." <u>Id.</u> at 6.[1] Plaintiffs point to a Minnesota state-court rule and ask this Court to issue a declaratory judgment to enforce their right under the Full Faith and Credit Clause of the U.S. Constitution, as well as 28 U.S.C. § 1738 ("State and Territorial statutes and judicial proceedings; full faith and credit") and 28 U.S.C. § 1739 ("State and Territorial nonjudicial records; full faith and credit"), to have their "Instruments" registered. Alternatively, Plaintiffs ask that a writ of mandamus issue against the recorder of deeds pursuant to 28 U.S.C. § 1361. <u>See</u> Am. Compl. 5 n.7. Defendants have moved to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

---

[1] The birth certificates attached to Plaintiffs' original complaint indicate that Mr. Broadnax is 36 years old, Mr. Graves is 49 years old, and Mr. Martin is 35 years old.

1

As an initial matter, Plaintiffs have not shown that this Court possesses jurisdiction to issue a writ of mandamus against the District of Columbia's recorder of deeds. The statute Plaintiffs cite, 28 U.S.C. § 1361, grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The recorder of deeds is not an employee of the United States or one of its agencies, and Section 1361 therefore does not afford this Court jurisdiction over a mandamus action against that individual.

More fundamentally, Plaintiffs have specified no injury attributable to Defendants, as required to demonstrate standing to bring this action. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (discussing the elements of "the irreducible constitutional minimum of standing"). Plaintiffs do claim that the recorder of deeds' actions are causing them to "remain in a continuous state of involuntary infancy with a status of *civiliter mortuus*, which is involuntary servitude and against [their] will and intent, and is prohibited under the Thirteenth Amendment." Am. Compl. 19. Plaintiffs nowhere allege, however, that they have suffered any actual, concrete injury. Indeed, they do not identify how or when anybody has failed to treat them as having attained the age of majority, and—to the extent Plaintiffs have identified some injury in this regard—they in no way show how that injury is fairly traceable to Defendants' conduct or even how it would be redressed by the relief they seek. In addition, the Court finds that any attempt to amend the complaint to remedy these defects would be futile, especially considering its blatant failure to state any claim upon which relief can be granted. Dismissal with prejudice is thus appropriate in this circumstance. See Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 131 (D.C. Cir. 2012).

3

Therefore, it is hereby

**ORDERED** that Defendants' [14] Motion to Dismiss Plaintiffs' [4] Amended Complaint be **GRANTED**. It is further

**ORDERED** that the above-captioned action be **DISMISSED**, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO ORDERED**.

This is a final, appealable order.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   June 20, 2016